# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| AMRO ELANSARI, | : | CIVIL ACTION |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 19-6197 |
| | : | |
| PHILADELPHIA MUNICIPAL COURT, | : | |
| *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

**KEARNEY, J.**                                            **January 6, 2020**

Amro Elansari's latest frivolous *pro se* claim in this Court involves suing the Philadelphia Municipal Court and two Municipal Court Judges arising from their judicial duties in enforcing the rules of state court while addressing his cases in Philadelphia Court, and on a case where he seemingly represents other persons.[1] He also moves for leave to proceed *in forma pauperis*.[2] We grant Mr. Elansari leave to proceed *in forma pauperis*. We dismiss his Complaint as legally frivolous as he cannot sue a state court and judges when he disagrees with their decisions following the rules of the Municipal Court. His remedy is a timely appeal in the state court not suing judges.

**I.**   **Alleged *pro se* facts.**

Mr. Elansari *pro se* alleges "constitutional injuries to rights/due process."[3] Mr. Elansari is not an attorney. He prepares legal documents and provides legal services for individuals with legal matters pending in the Philadelphia Municipal Court. On one such occasion when he appeared as a client's representative, Judge Barbara Gilbert reprimanded him, apparently because his representation did not comply with applicable court rules.[4] Mr. Elansari also takes issue with Judge Gilbert's handling of his own case. He seeks compensatory damages, punitive damages,

and injunctive relief "in the form of having the Courthouse instructed to comply with the rule of law and leave [him] . . . alone."[5]

II. Analysis

A. We allow Mr. Elansari to proceed *in forma pauperis*.

We grant Mr. Elansari leave to proceed *in forma pauperis* as he is incapable of paying the fees to commence the civil action. Under 28 U.S.C. § 1915(e)(2)(B)(i), we must dismiss his Complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact,"[6] and is legally baseless if it is "based on an indisputably meritless legal theory."[7] As Mr. Elansari is proceeding *pro se*, we construe his allegations liberally.[8]

B. We dismiss Mr. Elansari's civil rights claims as frivolous.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[9] Mr. Elansari's claims against the Philadelphia Municipal Court fails because state courts are entitled to Eleventh Amendment immunity from suit and are not considered "persons" for purposes of § 1983.[10]

Mr. Elansari's claims against Judge Gilbert fail because they are barred by absolute judicial immunity. We understand Mr. Elansari is alleging civil rights claims against Judge Gilbert based on the way she applied a Municipal Court rule and the manner in which she spoke to him while presiding in court. Judges are entitled to absolute immunity from civil rights claims which are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction, which is clearly the case here.[11]

Mr. Elansari also sues Judge Patrick Dugan, but other than listing Judge Dugan in the caption, Mr. Elansari makes no substantive allegations against him. If the claims are based on

2

Judge Dugan's application of the same Municipal Court rules in cases he presided over in the court, as they appear to be, then those claims are also subject to immunity. Even if Mr. Elansari's claims are not barred by principles of immunity, he does not plausibly allege a judge violated his constitutional rights.

## III. Conclusion

We grant Mr. Elansari leave to proceed *in forma pauperis* and dismiss his Complaint as legally frivolous with prejudice because amendment would be futile.

---

[1] Including today's case, Mr. Elansari has filed ten cases in this Court since September 2018, with seven in the past six months. *See Elansari v. Ramirez*, No. 19-6198 (filed the same day as this case); *Elansari v. Ruest*, No. 19-3609 (dismissed as frivolous and for failure to state a claim on screening); *Elansari v. Altria*, No. 19-3415 (complaint dismissed without prejudice for failure to state a claim on screening); *Elansari v. Jagex, Inc.*, No. 19-3006 (dismissed on screening); *Elansari v. Passhe*, No. 19-3005 (dismissed without prejudice on screening); *Elansari v. Tinder*, No. 19-3003 (dismissed on screening for lack of jurisdiction); *Elansari v. Savage*, No. 19-787 (dismissed on screening); *Elansari v. Univ. of Pa.*, No. 19-786 (dismissed on screening); *Elansari v. Golf Club Apartments*, No. 18-4171 (dismissed for failure to prosecute).

[2] ECF Doc. No. 1.

[3] ECF Doc. No. 2 at 4.

[4] Mr. Elansari's allegations are laced with irrelevant and inappropriate profane language and obscenities. This is not the first time Mr. Elansari has used such language in his filings. *See Elansari v. Tinder, Inc.*, 784 F. App'x 114, 114 (3d Cir. 2019) (per curiam) ("Elansari's appellate brief includes profanity, as well as offensive and derogatory comments directed at the presiding District Judge and other members of the federal judiciary. Although this inappropriate content has not affected our disposition of this appeal, we caution Elansari that he could face sanctions in this Court if he includes similar content in future filings."); *Elansari v. Ruest*, No. 19-3609, 2019 WL 3936358, at *1 (E.D. Pa. Aug. 19, 2019) ("Elansari's allegations are laced with profane language and obscenities that are neither relevant to his case nor appropriate.").

[5] *Id.* at 10.

[6] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[7] *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

[8] *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

3

⁹ *West v. Atkins*, 487 U.S. 42, 48 (1988).

¹⁰ *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989) (states are entitled to Eleventh Amendment immunity from claims under 42 U.S.C. § 1983 and are not "persons" for purposes of that provision); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (state courts in Pennsylvania share in the Commonwealth's Eleventh Amendment immunity); *see also* 42 Pa. Cons. Stat. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.").

¹¹ We already explained this legal principle to Mr. Elansari. *Elansari v. Ruest*, No. 19-3609, 2019 WL 3936358, at *2 (E.D. Pa. Aug. 19, 2019) ("As Elansari is suing Judge Ruest based on how she handled his petition and the related hearing, which were handled in her judicial capacity, his claims against Judge Ruest are barred by absolute judicial immunity."). *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam).